### NEWELL THORNE v. THE STATE.

#### No. 3934.   Decided December 18, 1907.

**Theft of Hog—Voluntary Return of Stolen Property—Animals on Range—Charge of Court.**

Where upon trial for the theft of a hog the evidence showed that the defendant marked the hog of the prosecuting witness upon the range and turned it loose, and that defendant showed criminal intent to appropriate the property at the time he so marked the hog, and that his defense was a mistake of fact, the mere fact of turning the hog loose on the range was not a voluntary return of the same, and did not authorize a charge thereon.

Appeal from the District Court of Leon. Tried below before the Hon. Gordon Boone.

Appeal from a conviction of the theft of a hog; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*William Watson,* for appellant.—On question of voluntary return of stolen property: Guest v. State, 24 Texas Crim. App., 235, 530; Horseman v. State, 43 Texas, 353; Grant v. State, 2 Texas Crim. App., 163; Elkins v. State, 35 Texas Crim. Rep., 206, 32 S. W. Rep., 1046; Bird v. State, 16 Texas Crim. App., 528.

*F. J. McCord,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted for theft of a hog, and his punishment assessed at two years confinement in the penitentiary.

The first ground of the motion for a new trial complains that the court committed material error, calculated to injure the rights of the defendant in this, to wit: "The evidence shows that the defendant took

the alleged stolen hog in his possession on the range and immediately after defacing the mark thereof turned it loose on the range, thereby returning said alleged stolen property to the owner thereof within a reasonable time and before any prosecution was commenced therefor. And the evidence further shows that when defendant's right to said alleged stolen property was first questioned, the same was in the actual possession of the owner thereof, and he immediately surrendered the right of possession to said owner voluntarily within a reasonable time and before any prosecution was commenced therefor, and the court failed to charge upon the voluntary return of stolen property." The facts in this case show that prosecuting witness and appellant lived within a mile or so of each other, each owning hogs. Appellant had bought some hogs, among which was a black and white spotted sow, as he insisted, very similar to the sow of the prosecuting witness. One day while out hunting hogs appellant caught prosecuting witness' sow and changed the mark thereon into his own mark. Prosecuting witness' hog was also a black and white spotted sow. Subsequent to the marking of the hog prosecuting witness found her sow and took it up, and subsequent to taking same up appellant was notified of the fact, and thereupon stated that if he had taken prosecuting witness' hog it was by mistake and he did not want it, and for the prosecuting witness to keep the hog. Appellant hired a couple of the prosecuting witnesses who saw him mark Mary Jackson's (the prosecutrix) hog to leave the county, giving them some money for that purpose. They subsequently returned, however, and testified in this case. When appellant marked the prosecuting witness' hog upon the range and turned it loose, he thereby asserted possession over the hog, which, under the law of this State, constitutes theft, and the sheer fact of turning it loose on the range would not be a voluntary return of the hog such as authorized the court to charge thereon. Appellant showed criminal intent and felonious purpose to appropriate said hog to his own use and benefit the moment that he marked same, and his only defense was a mistake of fact. This the court properly charged on, and to which charge appellant urges no objection. The case did not raise the issue above complained of, and the court did not err in not so charging.

The evidence amply supports the verdict, and the judgment is affirmed.

*Affirmed.*

Henderson, Judge, absent.

[Motion for rehearing overruled, January 15, 1908, without written opinion.—Reporter.]